1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CLEVELAND EVANS,                          No.  2:23-cv-0076 TLN AC P
12                  Plaintiff,
13         v.                                  ORDER
14   R. PEERY, et al.,
15                  Defendants.
16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 4.

19         I.        Application to Proceed In Forma Pauperis

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 4, 8.  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  28

28   U.S.C. § 1915(b)(2).  These payments will be forwarded by the appropriate agency to the Clerk of

                                              1

1   the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

2   full.  Id.

3          II.        Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against "a

5   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

III.    <u>Complaint</u>

Plaintiff alleges that defendants Peery,[1] Warren, Leslie, Cross, and Passwaters violated plaintiff's rights under the Eighth and Fourteenth Amendments. ECF No. 1.

Plaintiff alleges that he appeared before Leslie, a senior hearing official, for hearing on a rules violation report (RVR) and that she determined that the evidence supported the charge of continued refusal to participate. <u>Id.</u> at 3. As a result, plaintiff received a 30-day credit loss with no mitigation, which Peery approved. <u>Id.</u> at 4. Plaintiff contends that this decision violated his Fourteenth Amendment right to due process because due process requires some evidence of guilt and according to plaintiff there was no evidence. <u>Id.</u> at 4.

Plaintiff alleges that because of the RVR, he was required to appear before the Unit Classification Committee (UCC) for annual review and placement determination. <u>Id.</u> At the review, Passwaters, Cross, and Warren did not entertain plaintiff's arguments that Leslie's RVR was incorrect, and informed plaintiff that all that was required for a finding of guilty was the report from the teacher regarding plaintiff's refusal to participate. <u>Id.</u> at 5-6. Passwaters, Cross, and Warren then imposed another penalty by changing his privilege group. <u>Id.</u> at 5. Plaintiff contends that this violated his Fourteenth Amendment rights to due process because Passwaters,

---

[1]  Plaintiff seeks to correct the name of one of the defendants from R. Peedy to R. Peery. ECF No. 5. The court will order that the Clerk of the Court correct defendant's name.

Cross, and Warren were required to review the evidence, independently determine whether there was a rules violation, and if so, explain their determination, which they did not do.  Id. at 6.  He also contends that their actions, as well as Peery's action, as managers and/or supervisors, amount to deliberate indifference because they failed to "properly perserv[e] procedural and constitutional safeguards."  Id.

IV.  Failure to State a Claim

A.  Disciplinary Proceedings

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

While plaintiff alleges that he was assessed a 30-day credit loss and was therefore entitled to the procedural protections outlined in Wolff, he does not allege that he was denied any of these procedural protections.  Instead, he takes issue with Leslie's finding of guilt and says that it was based on no evidence.  But plaintiff admits that he was informed that Leslie's determination was based on the teacher's report—some evidence in the record—which is sufficient to satisfy due process.

With respect to plaintiff's allegations of procedural due process violations by Passwaters, Cross, and Warren, he does not state a claim because his allegations are based on plaintiff's classification hearing.  Prisoners do not have a right to a particular classification or custody level under the Due Process Clause.  See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007)

4

1   (concluding California prisoner does not have liberty interest in residing at a level III prison as

2   opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)

3   (emphasizing that "'a prisoner has no constitutional right to a particular classification status.'")

4   (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Therefore, plaintiff does not state a due

5   process claim against defendants Passwaters, Cross, and Warren based on his classification

6   hearing and change in classification.

7                   B.   Deliberate Indifference

8           Plaintiff also appears to allege that the disciplinary proceedings violated his Eighth

9   Amendment right to be free from cruel and unusual punishment because Leslie issued a

10  punishment of the loss of credit for 30-days and Passwaters, Cross, and Warren issued a separate

11  punishment by changing his classification. With respect to punishment received for a disciplinary

12  violation, "only those deprivations denying 'the minimal civilized measure of life's necessities'

13  are sufficiently grave to form the basis of an Eighth Amendment violation," Hudson v.

14  McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and

15  plaintiff has not identified any deprivations that fall outside the normal incidents of prison life,

16  much less ones that would deprive him of the minimal civilized measure of life's necessities, see

17  Sandin v. Connor, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide

18  range of misconduct falls within the expected perimeters of the sentence imposed by a court of

19  law."); Baker v. Walker, No. 08-cv-1370 DAD, 2008 WL 2705025, at *3, 2008 U.S. Dist. LEXIS

20  54808 (E.D. Cal. July 9, 2008) ("A temporary loss of privileges . . . does not 'present a dramatic

21  departure from the basic conditions' of prison life." (quoting Sandin, 515 U.S. at 486)).

22                  C.   Supervisory Liability

23          "An official may be liable as a supervisor only if either (1) he or she was personally

24  involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the

25  supervisor's wrongful conduct and the constitutional violation." Felarca v. Birgeneau, 891 F.3d

26  809, 819–20 (9th Cir. 2018). Because plaintiff has failed to allege a constitutional violation—

27  under either the Fourteenth and Eighth Amendments—he fails to state a claim of supervisory

28  liability against Passwaters, Cross, Warren, or Peery for deprivation of constitutional rights.

1    V.     <u>Leave to Amend</u>

2       The complaint does not state any cognizable claims for relief and plaintiff will be given an

3 opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

4 he must demonstrate how the conditions about which he complains resulted in a deprivation of his

5 constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

6 allege in specific terms how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs.</u>

7 <u>Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

8 unless there is some affirmative link or connection between a defendant's actions and the claimed

9 deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

10 conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v.</u>

11 <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

12       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

13 his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

14 complete in itself without reference to any prior pleading.  This is because, as a general rule, an

15 amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

16 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th

17 Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

18 in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

19 complaint, the original complaint no longer serves any function in the case.  Therefore, in an

20 amended complaint, as in an original complaint, each claim and the involvement of each

21 defendant must be sufficiently alleged.

22    VI.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

23       Your request to proceed in forma pauperis is granted.  That means you do not have to pay

24 the entire filing fee now.  You will pay it over time, out of your trust account.

25       Your complaint will not be served because the facts you alleged are not enough to state a

26 claim.  You must allege facts of a constitutional violation.  For a disciplinary proceeding violation

27 claim, you must identify procedural protections you are entitled to and allege that they were

28 denied.  If you only disagree with the guilty determination, so long as there is some evidence,

1    whether you agree with it or not or think it's not enough, you will be unable to state a claim.

2         You may amend your complaint to try to fix these problems.  Be sure to provide facts that

3    show exactly what each defendant did to violate your rights or to cause a violation of your rights.

4         If you choose to file a first amended complaint, it must include all claims you want to

5    bring.  Once an amended complaint is filed, the court will not look at any information in the

6    original complaint.  **Any claims and information not in the first amended complaint will not**

7    **be considered.**

8         In accordance with the above, IT IS HEREBY ORDERED that:

9         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

10        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13   appropriate agency filed concurrently herewith.

14        3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

15   U.S.C. § 1915A, and will not be served.

16        4.  Within thirty days from the date of service of this order, plaintiff may file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

19   number assigned this case and must be labeled "First Amended Complaint."  Failure to file an

20   amended complaint in accordance with this order will result in a recommendation that this action

21   be dismissed.

22        5.  The Clerk of the Court is directed to correct the name of defendant R. Peedy to R.

23   Peery (ECF No. 5).

24        6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

25   form used in this district.

26   DATED:  September 16, 2024

27   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

28