UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS, | No. 2:23-cv-0076 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| R. PERRY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. Upon screening the original complaint, the court found that plaintiff had failed to state any claims for relief against defendants Perry, Leslie, Passwaters, Cross, and Warren. ECF No. 12. The court gave plaintiff leave to amend. Id. at 6-7. Pending before the court is plaintiff's first amended complaint ("FAC"). ECF No. 17

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the First Amended Complaint

Plaintiff's FAC alleges that defendants Peery, Leslie, Passwaters, Cross, and Warren violated plaintiff's rights under the Eighth and Fourteenth Amendment. ECF No. 17 at 2-5. Specifically, the FAC alleges that plaintiff received a Rules Violation Report ("RVR") charging him with "Disrespect with potential for violence/disruption," a violation under Title 15 section 3004(b) of the California Code of Regulations ("CCR"). ECF No. 17 at 2. Plaintiff appeared before Leslie for disposition of the RVR. Id. Leslie found plaintiff guilty of an "uncharged" and "upgraded" offense under Title 15 section 3041(a) for continued refusal to participate/continued failure to perform assigned work. Id. A few days later, Passwaters informed plaintiff that because of the guilty disposition of his RVR he would appear before the Unit Classification Committee ("UCC") for adverse program and housing placement as Privilege Group C. Id. at 3. Plaintiff appeared before Passwaters, Cross, and Warren, members of the UCC. Id. Although the UCC could not find evidence to substantiate Leslie's decision, the UCC decided not to undermine

Leslie's decision. Id. at 4. Because plaintiff was found guilty of a "Program Failure" he was subjected to "loss of privileges, loss of good time credits, increase of placement scores (points), placement in 'isolated housing.'" Id. at 3-4.

Plaintiff asserts that his due process rights were violated because he never received notice of a charge under section 3041(a), the RVR did not allege that plaintiff had refused to participate and/or perform assigned work, and there was no evidence to substantiate the charge. Id. at 2-3. He further asserts that there is nothing in the record to support that he had an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the decision supported by some evidence in the record. Id. at 5.

Plaintiff also claims that he was not afforded the same procedural protections as others similarly situated, ECF No. 17 at 3; Perry, Passwaters, Cross, and Warren were in positions of authority and failed to mitigate further deprivation of his due process rights, id. at 4-5; and Perry reviewed all of plaintiff's grievances and appeals and failed to mitigate the deprivation after each appeal. Id. at 5.

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), and liberally construing the allegations in the FAC, the court finds that plaintiff has adequately stated a Fourteenth Amendment procedural due process claim against defendant Leslie for failure to provide plaintiff notice of a disciplinary charge under Title 15 Section 3041(a), an upgraded offense, before issuing a finding of guilt.

### IV. Failure to State a Claim

The allegations in the complaint are not sufficient to state any other claim for relief against defendant Leslie and/or any claims against defendants Perry, Passwaters, Cross, and Warden.

#### A. Claims Under California Constitution

Plaintiff's claim against defendants for violating his rights under the California Constitution are not cognizable § 1983 claims because section 1983 claims must be based on a violation of federal rights.

3

B.  Eighth Amendment Deliberate Indifference

Plaintiff does not indicate which facts support an Eighth Amendment violation. However, to the extent plaintiff asserts an Eighth Amendment violation based on his loss of good-time credits resulting from an alleged due process violation, or loss of privileges due to his reclassification, such claims are not cognizable.[1]  The loss of good time credits and privileges does not rise to the level of cruel and unusual punishment.

C.  Fourteenth Amendment Due Process

i.  Classification

Plaintiff fails to state a claim against Passwaters, Cross, and Warren based on their ruling to reclassify plaintiff into Privilege Group C.  Prisoners do not have a constitutional right to a particular classification, even if it results in the loss of privileges.

ii.  Failure to Investigate

It appears plaintiff is attempting to allege that defendants Passwaters, Cross, and Warren violated his due process rights by not properly investigating the basis for defendant Leslie's RVR disposition before reclassifying him.  However, to the extent he seeks to hold them accountable for failure to investigate, he cannot do so.  Failure to properly investigate a disciplinary charge does not violate due process.

iii.  Grievances

Plaintiff's allegations against defendant Perry based on his rejection of plaintiff's grievance appeals does not state a claim.  Reviewing and rejecting an inmate's grievance is not a basis for liability under § 1983.  Because Perry did not cause the constitutional violation, and merely rejected plaintiff's grievances, he has not violated plaintiff's constitutional rights.

iv.  Loss of Privileges

To the extent plaintiff asserts Passwaters, Cross, and Warren violated his due process rights by not affording him the procedures under Wolff v. McDonnell, 418 U.S. 539, 556 (1974), for loss of privileges other than loss of good time credits, he fails to state a claim for relief.  He

---

[1] The FAC does not allege the specific amount of loss of good time credits or privileges, however, the original complaint alleged a loss of 30-days of good-time credits. ECF No. 1 at 4.

4

has not alleged what the loss of privileges were, much less that they imposed atypical and significant hardships on him beyond the ordinary incidents of prison life.

### D.  Equal Protection Clause

Plaintiff fails to state an equal protection violation because his one sentence statement that he was not afforded the same procedural protections as others who are similarly situated is conclusory.  To state an Equal Protection Clause claim, plaintiff must allege *facts* that he is a member of a protected class and that defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class, or that there were other prisoners who were similarly situated to him and intentionally treated differently than him without a legitimate purpose.  Because he fails to make such factual allegations, he fails to state a claim.

### E.  Supervisory Liability

To the extent plaintiff seeks to hold Perry, Passwaters, Cross, and Warren liable as persons in supervisory positions, he fails to state a claim.  A person holding a supervisory position is only liable if they participated in or directed the constitutional violation or knew of a constitutional violation and failed to prevent it.  The latter requires knowledge before or during the constitutional violation and failure to prevent it, not failure to prevent a constitutional violation after the fact.

Several of these defects cannot be cured by amendment.  However, because plaintiff is pro se, his Equal Protection Clause claim was not previously addressed on screening, and it appears he may be able to allege facts to fix the deficiencies in that claim, he will be granted leave to amend.

## V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Leslie on the Fourteenth Amendment procedural due process claim based on failure to receive notice of charges before his RVR hearing.  By choosing this option, plaintiff will be**

1 **agreeing to voluntarily dismiss defendants Perry, Passwaters, Cross, and Warren and his**
2 **claims under the state law, the Eighth Amendment, and all other claims under the**
3 **Fourteenth Amendment. The court will proceed to immediately serve the complaint and**
4 **order a response from defendant Leslie.**

5 **The second option available to plaintiff is to file an amended complaint to fix the**
6 **problems described in Section IV with respect to his Equal Protection Clause claim. If**
7 **plaintiff chooses this option, the court will set a deadline in a subsequent order to give**
8 **plaintiff time to file an amended complaint.**

   VI.   <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim against defendant Leslie for finding you guilty of an upgraded charge for which you did not receive prior notice of. You have not stated any other claims against defendant Leslie or any other defendant.

You have a choice to make. You may either (1) proceed immediately on your Fourteenth Amendment procedural due process claim against defendant Leslie and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

                              CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Perry, Passwaters, Cross, and Warren do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Fourteenth Amendment due process claim against defendant Leslie as set forth in Section III above, or to file an amended complaint.

3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened

complaint or whether he wants to file an amended complaint.

4. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his claims under the California Constitution, Eighth Amendment, Fourteenth Amendment Equal Protection Clause, and Fourteenth Amendment based on classification, failure to investigate, rejection of grievances, and loss of privileges.

DATED: July 14, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. PERRY, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0076 TLN AC P<br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment procedural due process claim against defendant Leslie without amending the complaint.  Plaintiff understands that by choosing this option, the remaining state law and Eighth and Fourteenth Amendment claims against defendants Leslie, Perry, Passwaters, Cross, and Warren will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Cleveland Evans
　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.     Legal Standards Governing Substantive Claims for Relief

   A.  State Law Claims

An officer's violation of state laws and/or regulations is not grounds for a § 1983 claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")). Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v.

1

1  Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for
2  violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)
3  (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state
4  law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the
5  federal Constitution, Section 1983 offers no redress").

B.  Eighth Amendment – Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000). Rather, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732. Placement in restrictive housing, by itself, does not rise to the level of an Eighth Amendment violation. See Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence" (citation omitted)).

Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at

2

847. If a prison official's response to a known risk is reasonable, they "cannot be found liable." Id. at 845. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

With respect to punishment received for a disciplinary violation, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The loss of good time credits and privileges does not rise to the level of cruel and unusual punishment." Penn v. Warden of Kern Valley State Prison, No. 1:18-cv-1482 AWI HBK, 2021 WL 2853300, at *5, 2021 U.S. Dist. LEXIS 127681, at *13 (E.D. Cal. July 8, 2021); see also Baker v. Walker, No. 08-cv-1370 DAD, 2008 WL 2705025, at *3, 2008 U.S. Dist. LEXIS 54808 (E.D. Cal. July 9, 2008) ("A temporary loss of privileges . . . does not 'present a dramatic departure from the basic conditions' of prison life." (quoting Sandin v. Connor, 515 U.S. 472, 486 (1995))).

### C. Fourteenth Amendment Due Process

#### i. Classification

It is well-established that prisoners have no constitutional right to a particular classification, even if it results in loss of privileges. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (emphasizing that "'a prisoner has no constitutional right to a particular classification status'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)); see also Sunkett v. Boerum, No. 1:17-cv-1137 HBK (PC)2024 WL 4369900, at *4, 2024 U.S. Dist. LEXIS 178253, at *10-11 (E.D. Cal. Sept. 30, 2024) ("It is well settled that prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges.").

#### ii. Failure to Investigate

An officer's failure to properly investigate disciplinary charges does not violate due process. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil

3

rights claim unless there was another recognized constitutional right involved." (citation omitted)); see also Pickett v. Williams, 498 F. App'x 699, 700 (9th Cir. 2012) ("[T]here is no constitutional right to request an investigation or receive administrative review of prison disciplinary proceedings.").

### iii. Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### iv. Disciplinary

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (citation and internal quotation marks omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19. When a prisoner does not lose any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

### D. Equal Protection Clause

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### E. Personal Involvement and Supervisory Liability

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation

of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.